# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ERVIN J. THOMPSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:14CV1987 JCH |
| KYLE WEBB, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ervin Thompson (registration no. 1209943), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.17. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $10.83, and an average monthly balance of $1.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.17, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against several correctional workers and an investigator at the Eastern Reception Diagnostic and Correctional Center. Plaintiff says that he was falsely accused of attacking a female correctional officer.

Plaintiff says that defendants Unknown Peters, Unknown Gile, and Jordan Villmer took him to administrative segregation after the alleged incident and assaulted him while he was handcuffed.

Plaintiff alleges that defendant Kyle Webb issued him a conduct violation for failing to comply with an order, and he says that Webb took him to the medical unit.

Plaintiff claims that defendant Randall Owens conspired with the other defendants to cover up the assault. Plaintiff says Owens only took a picture of a contusion on top of his head and did not photograph his other injuries.

Plaintiff was seen at the emergency room and treated for a concussion, facial injuries, and two broken teeth.

## Discussion

The allegations against defendants Unknown Peters, Jordan Villmer, and Unknown Gile state a plausible claim for relief under § 1983. As a result, the Court will order the Clerk to serve these defendants with process.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants Webb or Owens were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, plaintiff's claims against Webb and Owen fail as a matter of law.

Title 42 U.S.C. § 1985(3) provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured

> or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. <u>United Bhd. of Carpenters, Local 610 v. Scott</u>, 463 U.S. 825, 834-39 (1983); <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful, class-based discrimination. As a result, plaintiff's § 1985(3) claim will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.17 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Peters, Jordan Villmer, and Unknown Gile.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Peters, Jordan Villmer, and Unknown Gile shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Kyle Webb or Randall Owens.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 8th day of December, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE